**IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION**

| | | |
|---|---|---|
| ED PARISH, JR. as the ADMINISTRATOR of the ESTATE OF DANIEL JERLIN ESCOBEDO LOPEZ, deceased; and GERLIN DAVID OTTONIEL ALVARADO ESCOBEDO, individually; | ) ) ) ) ) ) ) ) | |
| | ) | CIVIL ACTION NO. |
| *Plaintiffs,* | ) ) | **JURY TRIAL DEMANDED** |
| v. | ) ) ) | |
| BAJA FREIGHT LTD.; CHARGER LOGISTICS USA, INC.; and GERARDO AUILO TREJO; | ) ) ) ) ) | |
| *Defendants.* | ) | |

## <u>PLAINTIFF'S COMPLAINT</u>

COMES NOW the Plaintiffs Ed Parish, Jr. as the Administrator of the Estate of Daniel Jerlin Escobedo Lopez, deceased and Gerlin David Ottoniel Alvarado Escobedo, hereinafter identified by name or collectively described as "Plaintiffs," complaining of Baja Freight, Ltd., Charger Logistics USA, Inc. and Gerardo Aulio Trejo, hereinafter identified by name or collectively described as "Defendants" herein, and for cause of action would show the Court as follows:

## <u>PARTIES</u>

1.     Plaintiff Ed Parish, Jr. as the Administrator of the Estate of Daniel Jerlin

Escobedo Lopez (hereinafter referred to as "Plaintiff Parish"), was appointed by the Probate Judge of Lee County, Alabama on July 1, 2026. Plaintiff Parish is a citizen of the State of Alabama.

2.    Plaintiff Gerlin David Ottoniel Alvarado Escobedo (hereinafter referred to as "Plaintiff Escobedo") is over the age of 19 years, is a citizen of Guatemala and a resident of Opelika, Alabama.

3.    Defendant Baja Freight, Ltd. (hereinafter "Defendant Baja") is a Texas corporation with a principal office in Fishers, Indiana which transacts business in the State of Alabama, but is not authorized to do so. Defendant Baja is a citizen of Texas and Indiana.

4.    Defendant Charger Logistics USA, Inc. (hereinafter "Defendant Charger") is a Delaware corporation with its principal office in Griffith, Indiana which transacts business in the State of Alabama, but is not authorized to do so. Defendant Charger is a citizen of Delaware and Indiana.

5.    Defendant Gerardo Auilo Trejo (hereinafter "Defendant Trejo") is over the age of 19 years and a citizen of Mexico.

6.    The amount in controversy exceeds $75,000, exclusive of interest and cost.

7.    This Court has jurisdiction and venue pursuant to 28 U.S.C. 1332 and 28 U.S. C. 1391(a).

2

## STATEMENT OF FACTS

8.    On or about October 24, 2024, at approximately 5:13 p.m., Eric Luis Tojin Canto was lawfully operating his 2007 Toyota Camry Solara sedan in the outside (slow) lane of I-85 N in or near Opelika, Lee County, Alabama.

9.    At the time, Daniel Jerlin Escobedo Lopez ("Deceased") and his cousin, Plaintiff Escobedo, were restrained, back seat passengers in the 2007 Toyota Camry Solara driven by Defendant Tojin.

10.    On that date and at that same time, an 18-wheel tractor-trailer combination was driven by Defendant Trejo and traveling in the inside (fast) lane of I-85 N in or near Opelika, Lee County, Alabama.[1]

11.    At or near milepost 57.8, and while the aforementioned tractor-trailer combination was alongside the vehicle in which Decedent and his cousin were riding, Defendant Trejo suddenly and unexpectedly made an improper lane change and, thereby, caused the front right of the tractor to collide with the driver's side rear portion of the 2007 Camry Solara sedan, which caused the sedan to leave the roadway, flip, and then come to rest in the ditch adjacent to the roadway.

12.    As a result of the collision, Decedent was killed, and Plaintiff Escobedo sustained serious and permanent injuries.

---

[1] The "tractor" portion of this combination was owned by Defendant Baja, while the "trailer" was owned by Defendant Charger.

13.    At all times material to this crash, Defendant Trejo was a driver for Defendants Charger and Baja.

14.    Defendant Charger held itself out as a motor carrier when soliciting and obtaining business from the shipper of the subject load.[2]

15.    In making such representations, Defendant Charger held itself out as a motor carrier of the subject load to the shipper and to the motoring public.



*Fig. 1: top of relevant "Bill of Lading" (redacted by Defendants).*

16.    Defendant Charger exercised significant actual control over the manner and means in which Defendant Baja and Defendant Trejo conducted their work.

17.    Defendant Charger's control included its provision of the means of transporting the load, i.e., via its "Charger" placarded and painted trailer, in addition to other aspects to be shown in the course of discovery.

18.    FMCSA regulations are non-delegable, and they are applicable to all

---

[2] Plaintiffs cannot yet identify the shipper of the load – for themselves or for the benefit of the Court -- as they have only been provided with a copy of the relevant Bill of Lading wherein much of the relevant information, including the identity of the shipper, the identity of the person or entity that was to receive the load, the destination of the load, and various other details which are customarily provided in a bill of lading.   *See* Figure 1.

employers, employees, statutory employees, and commercial motor vehicles. Defendant Charger had non-delegable duties related to Defendant Baja's and Defendant Trejo's conduct.

19.    In 49 C.F.R. Section 390.5, the FMCSRs define the term "employee" as any individual, other than an employer, who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety. Such term includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle), a mechanic, and a freight handler.

20.    Defendant Charger's relationship with Defendant Baja and Defendant Trejo meets the definition of an employer-employee relationship, making Defendant Charger responsible for Defendant Trejo's conduct.[3]

---

[3] Upon information and belief, before changing the location of its "principal office" in 2024 to 11 Municipal Drive, Suite 233, Fishers, IN 46038, Defendant Baja's Texas Franchise Tax Public Information Reports listed the location of its principal office as 13620 Evolution Loop, Laredo, TX 78045.   At the time of the crash made the basis of this lawsuit and at present, the principal office in this state for the co-defendant, Defendant Charger, is 13620 Evolution Loop, Laredo, TX 78045, though it identifies its principal place of business as being in Griffin, IN.   Further illustrating the close connection between these corporate defendants, both Defendant Baja and Defendant Charger have directed the Texas Comptroller of Public Accounts to use the same mailing address in Arizona to contact them regarding their Texas operations: 17767 N. Perimeter Dr., Suite B-105, Scottsdale, AZ 85255.   Finally, further evidence of the fact that both of these defendants continue to maintain close connections to Laredo, and that 13620 Evolution Loop, Laredo, TX 78045 continues to be the location of both corporate defendants' principal offices in Texas, Defendant Baja identifies its contact number as (956) 278-7067, *see* *https://baja-freight.com/* – i.e., the same number Defendant Trejo provided to law enforcement in Alabama after the subject crash, *see* Alabama Uniform Traffic Crash Report #4714886 – and Defendant Charger lists its contact number as (956) 443-3372. Both are Laredo, Texas phone numbers.

21.    Based upon this control and the representations made, Defendant Charger is liable for the actions of Defendant Baja and Defendant Trejo, based upon the doctrines of *respondeat superior*, agency, and apparent authority.

22.    At all relevant times, Defendant Baja and Defendant Trejo were acting in the furtherance of Defendant Charger's business and were acting in the course and scope of their employment by, for and/or with Defendant Charger.

## COUNT I
### (Negligence and Wantonness)
### Defendant Trejo

23.    Plaintiffs reallege paragraphs 1 through 22 of this complaint as if set out herein full.

24.    At the said time and place, Defendant Trejo negligently and wantonly operated the subject tractor-trailer combination which collided with the sedan in which Decedent and Plaintiff Escobedo were riding as passengers.

25.    As a proximate consequence of Defendant Trejo's negligence and wantonness, Decedent was wrongfully killed.

26.    Moreover, as a proximate consequence of Defendant Trejo's negligence and wantonness, Plaintiff Escobedo was injured and damaged as follows: he suffered low back injury and pain, neck injury and pain, right hand injury and pain; he incurred medical expenses in the past and will do so in the future; he suffered physical pain in the past and will continue to do so in the future; he required

6

surgical procedure(s); he will be permanently disabled; he has suffered mental anguish and will continue to do so in the future; he suffered loss of income and will do so in the future because of his inability to return to work full; he suffered a diminished ability to work; he sustained physical impairment over and above that related to his ability to earn income; and he has been otherwise injured and damaged.

WHEREFORE, Plaintiffs demand judgment against Defendants in an amount of compensatory damages as a jury may award and an amount of punitive damages to punish and deter the Defendants plus the cost and expenses of this action.

<u>**COUNT II**</u>
**(Negligence and Wantonness)**
**Defendant Charger**

27.    Plaintiffs reallege Paragraphs 1 through 26 as if set out herein full.

28.    Defendant Charger had a duty to exercise the degree of care that a reasonably prudent person would use to avoid harm to others under circumstances similar to those described herein. The injuries made the basis of this suit were proximately caused by Defendant Charger's negligent and wanton disregard of said duty.

29.    Defendant Charger's negligent and wanton disregard of its duty consisted of the following acts and omissions, based on the information currently available to Plaintiffs:

   a.  Failing to implement proper safety policies and procedures to prevent

7

fatigued, distracted, and impaired driving;

b. Failing to properly monitor drivers' activities, including taking reasonable actions to eliminate driver distraction, fatigue, and impairment;

c. Failing to properly monitor, supervise, and train drivers regarding FMCSA regulations;

d. Failing to devote the resources necessary to monitor its drivers' FMCSA compliance;

e. Failing to establish an adequate safety program;

f. Failing to properly qualify its drivers;

g. Failing to establish adequate policies and/or adequately enforce policies for its drivers, including a policy for traveling at a safe speed, in a safe manner, and with vigilance;

h. Negligently entrusting a vehicle to its employee/driver;

i. Negligently entrusting a vehicle to its driver while he was fatigued and/or distracted, in violation of FMCSA regulations;

j. Negligently hiring, supervising, and retaining its employee/driver who was an unqualified, incompetent, and careless driver;

k. Failing to carefully and skillfully select motor carriers and drivers used in its transportation network to transport goods;

l.  Choosing an unsafe carrier and driver despite the safety risks involved;

m.  Choosing not to train an unsafe carrier and driver despite the safety risks involved; and

n.  Other negligent acts.

30.  Defendant Charger's acts and omissions, singularly or in combination with others, constituted negligence and/or wantonness which proximately caused the occurrence made the basis of this action and the serious injuries, death and damages complained of herein.

31.  Because of Defendant Charger's negligence and wantonness the Decedent was wrongfully killed.

32.  Moreover, as a proximate consequence of Defendant Charger's negligence and wantonness, Plaintiff Escobedo was injured and damaged as follows: he suffered low back injury and pain, neck injury and pain, right hand injury and pain; he incurred medical expenses in the past and will do so in the future; he suffered physical pain in the past and will continue to do so in the future; he required surgical procedure(s); he will be permanently disabled; he has suffered mental anguish and will continue to do so in the future; he suffered loss of income and will do so in the future because of his inability to return to work full; he suffered a diminished ability to work; he sustained physical impairment over and above that related to his ability to earn income; and he has been otherwise injured and damaged.

WHEREFORE, Plaintiffs demand judgment against Defendants in an amount of compensatory damages as a jury may award and an amount of punitive damages to punish and deter the Defendants plus the cost and expenses of this action.

## COUNT III
### (Negligence and Wantonness)
### Defendant Baja

33. Plaintiffs reallege paragraphs 1 through 32 of this complaint as if herein set forth at length.

34. Defendant Baja had a duty to exercise the degree of care that a reasonably prudent person would use to avoid harm to others under circumstances similar to those described herein. The injuries and death made the basis of this suit were proximately caused by Defendant Baja's negligent and wanton disregard of said duty.

35. Defendant Baja's negligence and wantonness consisted of the following acts and omissions, based on the information currently available to Plaintiffs:

   a. Failing to implement proper safety policies and procedures to prevent fatigued, distracted, and impaired driving;

   b. Failing to properly monitor drivers' activities, including taking reasonable actions to eliminate driver distraction, fatigue, and impairment;

10

c. Failing to properly monitor, supervise, and train drivers regarding FMCSA regulations;

d. Failing to establish an adequate safety program;

e. Failing to properly qualify its drivers;

f. Failing to establish adequate policies and/or adequately enforce policies for its drivers, including a policy for traveling at a safe speed, in a safe manner, and with vigilance;

g. Negligently entrusting a vehicle to its driver while he was fatigued and/or distracted, in violation of FMCSA regulations;

h. Other negligent acts.

36.    Each of these acts and omissions, singularly or in combination with others, constituted negligence and proximately caused the occurrence made the basis of this action, including the injuries, death and damages complained of herein.

37.    Plaintiffs show the conduct referenced on the part of Defendant Baja, its agents, successors, and assigns, acting individually and jointly, constitutes negligence and/or wantonness and that, as a result, Plaintiffs are entitled to an award of actual damages against the Defendants, jointly and severally. These acts and omissions were a proximate cause of the collision, and the Plaintiffs' injuries, death and damages as set forth in this complaint.

38.    Because of Defendant Baja's negligence and wantonness the Decedent

11

was wrongfully killed.

39.    Moreover, as a proximate consequence of Defendant Baja's negligence and wantonness, Plaintiff Escobedo was injured and damaged as follows: he suffered low back injury and pain, neck injury and pain, right hand injury and pain; he incurred medical expenses in the past and will do so in the future; he suffered physical pain in the past and will continue to do so in the future; he required surgical procedure(s); he will be permanently disabled; he has suffered mental anguish and will continue to do so in the future; he suffered loss of income and will do so in the future because of his inability to return to work full; he suffered a diminished ability to work; he sustained physical impairment over and above that related to his ability to earn income; and he has been otherwise injured and damaged.

WHEREFORE, Plaintiffs demand judgment against Defendants in an amount of compensatory damages as a jury may award and an amount of punitive damages to punish and deter the Defendants plus the cost and expenses of this action.

## COUNT IV
### (Negligence and Wantonness)

40.    Plaintiffs reallege paragraphs 1 through 39 of this complaint as if herein set forth at length.

41.    At all relevant times, Defendant Trejo was employed by Defendants Baja and Charger he was acting within the line and scope of his employment with

Defendants Baja and Charger. Because Defendant Trejo was acting within the course and scope of his employment with Defendants Baja and Charger, Plaintiffs hereby invoke the common law doctrine of vicarious liability and seek to hold the master(s)/employer(s) liable for the acts and/or omissions of its/their servant/employee/agent/apparent agent.

42. Each of Defendant Trejo's acts and/or omissions, whether taken singularly or in any combination, constitute negligence and/or wantonness, and proximately caused the injuries, death and damages as specifically set forth herein, all of which Plaintiffs suffered and will continue to suffer in the future.

43. Defendants Charger and Baja owed a duty to Plaintiffs to use reasonable care in the operation of the commercial vehicle he had control over on the public roadway at the time of the subject crash.

44. Defendants Charger and Baja had a duty to exercise the degree of care that a reasonably prudent professional driver would use to avoid harm to others under circumstances similar to those described herein. Decedent's death, and Plaintiffs' injuries and damages were caused by these actions.

45. Defendants Charger and Baja committed acts of omission and commission which constituted negligence and wantonness. Such negligence and wantonness were a proximate cause of the occurrence in question, the death and injuries sustained by Plaintiffs, and the resulting damages for which Defendant

Charger is legally responsible.

46.     Plaintiffs allege Defendant Trejo was negligent and wanton in one or more of the following acts and/or omissions:

a.  Violating applicable regulations and laws;

b.  Failing to keep a proper lookout for vehicles on the roadway;

c.  Failing to control speed under the circumstances;

d.  Failing to maintain control of his motor vehicle at all times;

e.  Changing lanes when it was unsafe to do so; Failing to yield the right-of-way to Plaintiffs and others similarly situated;

f.  Failing to keep the vehicle under proper control;

g.  Failing to operate the vehicle with due care for the safety of others, including the Plaintiffs; and

h.  Operating a commercial motor vehicle while distracted, fatigued, and/or impaired.

47.     Each of these acts and omissions, singularly or in combination with others, constituted negligence and wantonness, and proximately caused the occurrence made the basis of this action, including the death, injuries and resulting damages complained of herein by in Paragraphs 26, 27, 38 and 39.

WHEREFORE, Plaintiffs demand judgment against Defendants in an amount of compensatory damages as a jury may award and an amount of punitive damages

to punish and deter the Defendants plus the cost and expenses of this action.

## COUNT V
### (Negligent and Wanton Entrustment)

48.    Plaintiffs reallege paragraphs 1 through 47 of this complaint as if herein set forth at length.

49.    At the aforesaid time and place, Defendants' Baja and/or Charger negligently and wantonly entrusted their truck to Defendant Trejo with actual and/or constructive knowledge that Defendant Trejo was an incompetent driver.

50.    As a proximate result of the Defendants' Baja and/or Charger negligent and wanton entrustment, Plaintiffs suffered the death, injuries and damages as set forth in Paragraphs 26, 27, 38 and 39 above.

WHEREFORE, Plaintiffs demand judgment against Defendants in an amount of compensatory damages as a jury may award and an amount of punitive damages to punish and deter the Defendants plus the cost and expenses of this action.

## COUNT VI
### (Negligent and Wanton Hiring, Retention, Supervision or Maintenance)

51.    Plaintiffs reallege paragraphs 1 through 50 of this complaint as if herein set forth at length.

52.    Defendants Charger and Baja negligently and/or wantonly hired, retained, supervised, and trained Defendant Trejo and/or maintained the truck that he was driving on the date of the wreck.

15

53. As a proximate cause of Defendants' negligence and wantonness, Plaintiffs were killed, injured and damaged as set forth in Paragraphs 25 and 26, above.

54. Defendants Charger and Baja, along with its/their agents, successors and assigns, was/were negligent and/or wanton in hiring, training, supervising, retaining, and allowing its/their employee/driver to operate a company vehicle at the time of the collision made the basis of this suit. Such negligence and wantonness includes, but is not limited to:

    a. Failing to professionally train its employee/driver with regard to driving an 18-wheeler;

    b. Failing to teach its employee/driver about defensive driving techniques;

    c. Failing to prohibit unnecessary cell phone use;

    d. Failing to monitor and limit the number of hours its employee/driver worked and/or drove; and

    e. Permitting its employee/driver to operate the vehicle while distracted and/or fatigued.

55. Plaintiffs show that the conduct referenced on the part of Defendants Charger and Baja, its/their agents, successors, and assigns, acting individually and jointly, constitutes negligence and wantonness.

56. Defendants Charger and Baja knew or should have known of the

significant risks of failing to hire qualified drivers with the necessary skill, experience, and expertise to safely operate over the road.

57. Defendants Charger and Baja knew or should have known of the risks of failing to ensure that Defendant Trejo complied with all applicable safety regulations, including bans on cell phone use while driving, hours-of-service limitations, and basic training requirements.

58. Defendants Charger and Baja negligently and wantonly failed to meet its/their duties through one or more of the following acts and omissions:

   a. Failing to devote the resources necessary to monitor its/their drivers' FMCSA compliance;

   b. Choosing an unsafe carrier and driver despite the safety risks involved;

   c. Choosing not to train an unsafe carrier and driver despite the safety risks involved; and

   d. Other negligent acts or omissions.

59. Defendants Charger and Baja, along with its/their agents, successors and assigns, were negligent and wanton in hiring, training, supervising, retaining, and allowing its/their employee/driver to operate a company vehicle at the time of the collision made the basis of this suit. Such negligence includes, but is not limited to:

   a. Failing to professionally train its employee/driver with regard to

17

driving an 18-wheeler;

b. Failing to teach its employee/driver about defensive driving techniques;

c. Failing to prohibit unnecessary cell phone use;

d. Failing to monitor and limit the number of hours its employee/driver worked and/or drove; and

e. Permitting its employee/driver to operate the vehicle while distracted and/or fatigued.

60. As a proximate result of the Defendants' Baja and/or Charger negligent and wanton entrustment, Plaintiffs suffered the death, injuries and damages as set forth in Paragraphs 26, 27, 38 and 39, above.

WHEREFORE, Plaintiffs demand judgment against Defendants in an amount of compensatory damages as a jury may award and an amount of punitive damages to punish and deter the Defendants plus the cost and expenses of this action.

/s/Michael J. Crow
Michael J. Crow
*Attorney for Plaintiffs*

OF COUNSEL:
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, AL 36103-4160
(334) 269-2343
mike.crow@beasleyallen.com